**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5513-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FUQUAN KHALIF, a/k/a FUQUAN
KAHALIF, and ALFRED WALKER,

    Defendant-Appellant.

_____

Submitted May 15, 2019 – Decided August 26, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 91-01-0437.

Fuquan Khalif, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Fuquan Khalif, appeals from an order denying his motion to correct an illegal sentence. He presents the following arguments:

POINT I

"PLAIN ERROER" [sic] BY THE SENTENCING COURT, RESULTED IN THE DEFENDANT BEING SENTENCED UNDER N.J.S.A. 2C:44-3 AND N.J.S.A. 2C:43-7 TO 30 YEARS TO LIFE AS AN "ORDINARY TERM" IN VIOLATION OF DUE PROCESS UNDER THE XIV AMENDMENT. (Not raised below).

POINT II

THE LOWER COURT ERRONEOUSLY "CONFLATED" CLAIMS REGARDING APPRENDI, AND THEIR RETROACTIVITY AS PROVIDED IN, STATE V. FRANKLIN AND MIS-STATED DEFENDANT'S CLAIM IN IT'S "ORDER" DENYING THE MOTION. VIOLATING DUE PROCESS UNDER THE XIV AND VI AMENDMENT OF THE CONSTITUTION. (Not raised below).

For the reasons that follow, we affirm.

This action has a lengthy procedural history. On January 30, 1991, defendant was indicted on eighteen counts, including aggravated assault, murder, attempted murder, felony murder and several weapons offenses. A jury acquitted him on four counts and convicted him on fourteen counts, including the lesser-included offense of aggravated manslaughter. Defendant was

2

sentenced on May 8, 1992, to an aggregate term of life imprisonment, plus forty years, with a fifty-year period of parole ineligibility.

Relevant to this appeal, on four of the offenses, defendant was sentenced to mandatory extended terms of twenty years imprisonment with a ten-year parole disqualifier as a second Graves Act[1] offender under N.J.S.A. 2C:44-3(d). These sentences were imposed on counts five and six, second-degree aggravated assault, and counts nine and eighteen, second-degree possession of a handgun for an unlawful purpose. Defendant successfully challenged his sentence on appeal. On resentencing, a judge ordered that the sentence on one of the aggravated assault convictions was to run concurrent to the sentence on the felony murder and attempted murder convictions. The amended judgment of conviction was filed on April 6, 1995. Defendant's arguments on appeal were otherwise rejected and his petition for certification was denied.

Defendant's first and second petitions for post-conviction relief (PCR), filed in 1995 and 2000 respectively, were denied and appeals to the Appellate Division and Supreme Court were unsuccessful. In 2005, the federal court

---

[1] N.J.S.A. 2C:43-6(c); L. 1981, c.31.

issued a "comprehensive unpublished opinion" denying defendant's first habeas corpus petition.

In 2007 and 2009, respectively, defendant filed third and fourth petitions for PCR. The third petition was denied as procedurally barred under Rule 3:22-5 because defendant's claim of an illegal sentence based on the mandatory extended terms under the Graves Act had been previously adjudicated on the merits). The fourth petition was denied as untimely filed under Rule 3:22-12(a). Appeals to the Appellate Division and the Supreme Court on each petition were also unsuccessful.

Defendant filed a second application for habeas corpus relief in 2010, but there is no disposition noted on the record. At some point in 2013, defendant filed a fifth petition for PCR that was denied as untimely and affirmed on appeal.

In 2015, defendant's first motion to correct an illegal sentence was denied. The Appellate Division affirmed the decision, noting the "extensive procedural history, including prior challenges to his sentence," and the Supreme Court denied certification. In 2017, defendant filed a second motion to correct an illegal sentence, which was denied on April 11, 2018.

Thus, when defendant filed this third motion to correct an illegal sentence on May 23, 2018, he had already had the benefit of a jury trial, a resentencing

4

proceeding, four PCR applications, two petitions for habeas corpus, two motions to correct his sentence, and appeals on most of these proceedings. Judge Arthur J. Batista denied this, defendant's third motion to correct an illegal sentence, on July 19, 2018, leading to the current appeal.

Defendant first argues – again – that his sentence on count fourteen, felony murder, was "incorrectly identified" as an ordinary term under N.J.S.A. 2C:11-3 and that it actually was an extended term which violated his due process rights. Defendant next argues that the trial court misconstrued his argument as to State v. Franklin, 184 N.J. 516 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), by finding that such claims were raised at trial and on direct appeal. He claims that he is not challenging the legitimacy of the mandatory Graves Act provision but rather arguing that since the first four counts of the indictment, including charges of burglary, aggravated assault, unlawful possession of a weapon and possession of a weapon for an unlawful purpose were dismissed, any testimony surrounding those was and should be "impermissible." He claims that he is entitled to be "re-sentenced" without "'the judicial fact-finding' out side [sic] of the presence of the jury; then, used to increase the jury's verdict, to a term the Court deemed appropriate, discretionally."

We affirm, substantially for the reasons expressed by Judge Batista in his written decision denying defendant's motion. Defendant's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5513-17T3